IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAVID DWAYNE CASSADY,            )
                                 )
     Plaintiff,                  )
                                 )
v.                               )   CASE NO. CV408-250
                                 )
BRIAN OWENS, Commissioner of     )
the Georgia Department of        )
Corrections; JAMES E.            )
DONALD; THALRONE WILLIAMS,       )
Warden; GREGORY THOMAS,          )
Deputy Warden; and JAMES         )
DEAL, Deputy Warden;             )
                                 )
     Defendants.                 )
                                 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 37), to which timely objections have been filed (Doc. 39). After a careful de novo review, the Court concurs with the Report and Recommendation of the Magistrate Judge and **ADOPTS** the same as the Opinion of the Court. For the reasons that follow, Defendants' Objections are unpersuasive.[1] However, to the extent that the Report and Recommendation recommends granting an injunction against Coastal State Prison ("Coastal") officials for

---

[1] Defendants' primary objection in this case appears to be to the sufficiency of the evidence. (Doc. 39 at 4.) The Court has carefully reviewed the evidence in this case and it concurs with the Magistrate Judge that there is ample evidence to defeat Defendants' Motion to Dismiss with respect to the future health claim.

prison conditions at Augusta State Medical Prison ("ASMP"), it is **MODIFIED** to grant a preliminary injunction only against the Commissioner of the Georgia Department of Corrections.[2]

I. Location of Plaintiff

Defendants object to the portion of the Magistrate Judge's Report and Recommendation recommending issuance of an injunction on the grounds that Mr. Cassady is no longer housed at Coastal.[3] (Doc. 39 at 3.) Defendants argue that no injunctive relief may be issued unless he files a new lawsuit against ASMP officials.

The Court liberally construes pro se pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Plaintiff repeatedly has made significant allegations in his Complaint and the attached material about systemic violations in the Georgia prison system. (See, e.g., Doc.

---

[2] The Court notes that the injunction does not, per se, require the Defendants to move Cassady to one of the three floors where inmates cannot own any tobacco products; rather it requires Cassady to be housed in smoke-free accommodations. (See Doc. 37 at 15.) If, as Defendants contend, Cassidy is already housed in a dorm or wing where inmates are not allowed to smoke inside, then this injunction will be satisfied without moving Cassady. However, should Cassady not be moved and proceed to prove at trial that the Georgia Prison System's policy of no indoor smoking exists only on paper, the Court will not hesitate to deal harshly with Defendant for failing to comply with an order of this Court.

[3] Defendants do not appear to be contesting Plaintiff's standing to sue for damages, which is clearly established regardless of his transfer. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

2

1, Attach. A, 19 ("It is unfortunate, that such civil rights violations have become the status quo within the Georgia Department of Corrections.")). Plaintiff has also attached numerous affidavits supporting these contentions. (See, e.g., Doc. 1, Pressley Decl., Smith Decl., LaFavor Decl.) And, the Plaintiff has named the Commissioner of the Georgia Department of Corrections as a Defendant. (Doc. 1, Compl. ¶ 4.) Therefore, the Court does not find this objection persuasive, and concurs with the Magistrate Judge that Plaintiff's Complaint should be construed to cover injunctive relief against ASMP through the Commissioner of the Georgia Department of Corrections.[4]

II. New Arguments by Defendants

The argument presented to the Magistrate Judge in Defendants' response to Plaintiff's Motion for a Preliminary Injunction is, in its entirety, as follows:

> A preliminary injunction is an extraordinary and drastic remedy, United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983), whose sole purpose is to preserve the relative positions of the parties until a trial on the merits can be held. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). The

---

[4] However, as Cassady has been transferred from Coastal, he may not seek injunctive relief against the Defendants who are responsible only for Coastal. Herron v. Beck, 693 F.2d 125, 127 (11th Cir. 1982). Accordingly, to the extent that the Magistrate Judge did not dismiss the claims for injunctive relief against the Coastal officials, those claims are **DISMISSED AS MOOT**. However, despite the transfer, he retains standing to bring his claims for monetary damages against Coastal officials. Id.

3

standards for granting preliminary injunctive relief are that the movant must show (1) a substantial likelihood of prevailing on the merits; (2) that Plaintiff will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damages the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest. <u>Levi Strauss and Co. v. Sunrise Int'l Trading Inc.</u>, 51 F.3d 982 (11th Cir. 1995). Plaintiff must carry the burden of persuasion on all four standards. <u>Jefferson County</u>, 720 F.2d at 1519.

As a preliminary matter, not only has Cassady failed to carry his burden, but he has not even made the necessary allegations to prevail. The alleged harms that Cassady seeks to enjoin do not relate to the matters asserted in this action. The underlying action is based on Cassady's allegations regarding his ETS exposure at Coastal, not ASMP. Further, he seeks to enjoin ASMP officials who are not even parties to this action. Cassady filed this underlying action primarily against Coastal prison officials.

Nevertheless, Cassady will not likely prevail on the merits of this action, as the Defendants have filed a dispositive motion to dismiss. Additionally, he has failed to exhaust his new claims. See 42 U.S.C. § 1997e(a); <u>Rivera v. Allen</u>, 144 F.3d 719, 731 (11th Cir. 1998) (stating that an inmate's claim that fails to allege requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted). Cassady fails to establish how he will be irreparably harmed if he is not moved to another floor at ASMP, as he claims that the prison is rampant with smoking violators. Also, Cassady fails to show how the harm to him outweighs the precedent that prison officials would establish by granting his request to be housed in a specific unit. See <u>Adams v. James</u>, 784 F.2d 1077 (11th Cir. 1986) (stating that the due process clause does not in and of itself protect a prisoner against a change of status). Finally, the injunction sought is clearly adverse to the public interest.

4

(Doc. 35 at 3-5.)  Concluding that Plaintiff had carried his burden of persuasion for the issuance of the preliminary injunction, and faced with this conclusory and wholly inadequate reply by Defendants, the Magistrate Judge recommended that this Court grant the injunction. (Doc. 37 at 10-15 ("Defendants rather conclusory contend that Cassady has not met his burden as to any of the requisites . . . [D]efendants contend that the injunction is clearly adverse to the public interest.  But they offer no support for their assertion . . . .")). In light of the Magistrate Judge's Report and Recommendation, Defendants now seek to submit new affidavits accompanied by new legal arguments to support their position. (See Doc. 39.)

While district courts have the discretion to consider novel evidence and legal argument raised for the first time in an objection to a report and recommendation, they are under no obligation to do so. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has the discretion to decline to consider a party's argument when the argument is not first presented to the magistrate judge."). With respect to consideration of new evidence, the district court retains its discretion over whether to consider such evidence because "[s]ystematic efficiencies

would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the intial hearing, and save its knockout punch for the second round." Id. (quoting United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000)). This case presents the most egregious example of such a case— Defendants made conclusory allegations before the Magistrate Judge to see if the he would deny the Motion out of hand. (Doc. 35 at 4.) Having discovered that the Court will actually assess the merits of Plaintiff's claim and knowing the Magistrate Judge's assessment, Defendants now choose to present actual factual and legal argument.[5] The Court declines to consider these new affidavits and the new legal arguments that accompany them.

## CONCLUSION

After a careful de novo review, the Court concurs with the Report and Recommendations of the Magistrate Judge and **ADOPTS** the same as the Opinion of the Court. For the foregoing reasons, the Objections of Defendants are

---

[5] Magistrate judges are an important part of the judiciary and Defendants would be wise to treat them as such. Here, were the Court to consider Defendants' novel legal and factual arguments, the Magistrate Judge would be relegated to the role of a mere dress rehearser. There is no reason why the information Defendants now put before the Court was not put before the Magistrate Judge when he invested significant time and resources in deciding the Motion for Preliminary Injunction.

unpersuasive. However, to the extent that the Report and Recommendation recommends a granting an injunction against Coastal officials for prison conditions at ASMP it is **MODIFIED** to grant a preliminary injunction only against the Georgia Department of Corrections Commissioner.

SO ORDERED this 11th day of September, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7