# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DAVID DWAYNE CASSADY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRIAN OWENS, *Commissioner of* ) <br> *the Georgia Department of Corrections*; ) <br> JAMES E. DONALD; THALRONE ) <br> WILLIAMS, *Warden*; GREGORY ) <br> THOMAS, *Deputy Warden*; and ) <br> JAMES DEAL, *Deputy Warden*; ) <br> ) <br> Defendants. ) | Case No. CV408-250 |

## ORDER

Civil rights inmate-plaintiff David Cassady moves for a default judgment and for appointment of counsel. (Docs. 43 & 45.) For the reasons explained herein, his motions are **DENIED**.

Federal Rule of Civil Procedure 55 allows a court to enter a default judgment upon application of a party when the opposing party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). Cassady contends that a default judgment is warranted since defendants did not submit a qualifying responsive pleading within sixty days of the date the

Marshal sent them requests for waivers of service, in accordance with Fed. R. Civ. P. 4(d)(3). (Docs. 43 & 44.) The requests for waivers of service were sent on February 6 and 10 of 2009. (Docs. 19, 20, 21, 22, & 24.) Consequently, responsive pleadings were due on April 7, 2009 for some of the defendants and on April 13, 2009 for others. Fed. R. Civ. P. 4(d)(3). Defendants' did not file their answer until September 18, 2009, several months later. (Doc. 41.) Despite the apparently inordinate delay, however, Cassady is not entitled to a default judgment.

In lieu of submitting an answer, defendants filed a pre-answer motion to dismiss on April 7, 2009.[1] (Doc. 25.) Under the Rules, a timely filed motion to dismiss tolls the responsive pleading deadline until the motion is decided, then a new responsive pleading deadline is imposed. Fed. R. Civ. P. 12(a)(4). Specifically, Rule 12(a)(4) states that "if the court denies the motion [to dismiss] . . . the responsive pleading [(i.e., answer)] must be served within 10 days after notice of the court's action." *Id.* The motion to dismiss was denied in part on September

---

[1] Rule 12(b) of the Federal Rules of Civil Procedure contemplates that a defendant may file a motion to dismiss in lieu of answering plaintiff's complaint and, in fact, *must* do so if he wishes to raise certain defenses.

2

11, 2009, when the undersigned's Report and Recommendation on the motion was adopted by the district judge. (Doc. 40.) Seven days later, well within the ten day deadline, defendants submitted their answer. (Doc. 41.) Since their answer was timely filed, plaintiff's motion for a default judgment (doc. 43) is without merit and is therefore **DENIED**.

Cassady also moves for appointment of counsel, stating that his imprisonment and the complexities of the case demand it. (Docs. 45 & 46.) The Court does not doubt that the appointment of an attorney would likely further the efficient and prompt disposition of this case. As a general rule, however, there is no entitlement to appointed counsel in a civil rights action brought pursuant to 42 U.S.C. § 1983. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1986); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1979); *see also Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979.). "The preeminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). An action filed under 42 U.S.C. § 1983 is civil in nature

and does not affect a plaintiff's physical liberty, so the stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment and Federal Rule of Criminal Procedure 44 do not apply in civil proceedings. *See United States v. Rogers*, 534 F.2d 1134 (5th Cir. 1976). Thus, the appointment of counsel is required only where necessary to insure "fundamental fairness" in accordance with the due process clause of the Fourteenth Amendment. *Lassiter*, 452 U.S. at 26.

Court-appointed counsel in civil cases is therefore warranted only in "exceptional cases." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Fowler*, 899 F.2d at 1096; *see Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). In considering whether exceptional circumstances exist, the Court should consider (1) the type and complexity of the case; (2) whether the indigent is capable of presenting his case; (3) whether the indigent is in a position to investigate the case adequately; and (4) whether the evidence will consist largely of conflicting testimony as to require skill in presenting the evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). However, the "key is whether the pro se

litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *Kilgo*, 983 F.2d at 193.

Here, Cassady has adequately presented his claims thus far. Indeed, his complaint survived § 1915A screening and he successfully obtained a preliminary injunction, an exceptionally rare feat for an incarcerated pro se litigant. Consequently, plaintiff's motion for appointment of counsel (doc. 45) is **DENIED**.

**SO ORDERED** this  7th  day of October, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**